UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES, <br><br> Plaintiff, <br><br> v. <br><br> ANTHONY BARREIRO and ERNEST RAY PARKER, <br><br> Defendants. | Case No. 13-CR-00636-LHK <br><br> **ORDER RE: GOVERNMENT'S MOTIONS IN LIMINE NO. 2, 3, 7, 8, 11; DEFENDANTS' MOTIONS IN LIMINE NO. 4, 6, 7, 8, 9, 10, 11, 12, 13; AND DEFENDANTS' MOTION TO COMPEL DISCOVERY, IN PART** <br><br> Re: Dkt. Nos. 74, 75, 76 |
|---|---|

Defendants Anthony Barreiro and Ernest Ray Parker (collectively, "Defendants") were indicted on September 25, 2013 for mail fraud, wire fraud, and conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. §§ 1341, 1343, and 1349. ECF No. 1. The final pretrial conference will take place on December 2, 2015. Trial will begin on February 1, 2016. In the interest of expeditiously providing the parties with rulings that may assist their trial preparation, this Order addresses the government's motions in limine numbers 2, 3, 7, 8, and 11, Defendants' motions in limine numbers 4, 6, 7, 8, 9, 10, 11, 12, and 13, and Defendants' motion to compel discovery in part. The remaining motions in limine and other pending motions shall be addressed

1

Case No.13-CR-00636-LHK
ORDER RE: GOVERNMENT'S MOTIONS IN LIMINE NO. 2, 3, 7, 8, 11; DEFENDANTS' MOTIONS IN LIMINE NO. 4, 6, 7, 8, 9, 10, 11, 12, 13; AND DEFENDANTS' MOTION TO COMPEL DISCOVERY, IN PART

at the final pretrial conference.[1] In ruling on these motions in limine and Defendants' motions to compel discovery, the Court considered the submissions of the parties, the record in this case, and the relevant law, and balanced the factors set forth in Federal Rule of Evidence 403.

### I. Government's Motion in Limine No. 2

The government's motion in limine number 2, to preclude Defendants from presenting a claim of good faith, is DENIED. The government argues that Defendants should not be permitted to present evidence that (1) Defendants thought that they were acting lawfully, or (2) Defendants thought that the ArtLoan investors would ultimately be repaid and suffer no loss. ECF No. 75, at 1-2. Although a good faith belief that the alleged victims will be repaid is not a proper defense, "[a]n honest, good faith belief in the truth of the misrepresentations may negate intent to defraud." *United States v. Benny*, 786 F.2d 1410, 1417 (9th Cir. 1986). Accordingly, Defendants are entitled to argue that they lacked intent to defraud because they believed, in good faith, that any alleged misrepresentations were true and that ArtLoan was a legitimate business. *See United States v. Ghilarducci*, 220 Fed. App'x 496, 501 (9th Cir. 2007) (if defendant had a "good-faith belief that his program was legitimate," he could be acquitted of mail fraud).

### II. Government's Motion in Limine No. 3

The government's motion in limine number 3 is GRANTED in part and DENIED in part. This motion has three parts. First, the motion seeks to preclude Defendants from using the terms "unfairly singled out," "persecuted," and "that other individuals should have been charged." ECF No. 75, at 4-5. The government claims that these terms are only relevant to a claim of selective prosecution, that Defendants cannot establish a claim of selective prosecution, and that selective prosecution is properly dealt with in a pretrial motion to dismiss and not as a defense at trial. *See United States v. Wilson*, 639 F.2d 500, 503 (9th Cir. 1981) (noting that a claim for selective prosecution requires that the defendant show that he was "selected for prosecution on the basis of an impermissible ground such as race, religion, or exercise of constitutional rights"). Defendants

---

[1] The government has no motion in limine number 9.

2
Case No.13-CR-00636-LHK
ORDER RE: GOVERNMENT'S MOTIONS IN LIMINE NO. 2, 3, 7, 8, 11; DEFENDANTS' MOTIONS IN LIMINE NO. 4, 6, 7, 8, 9, 10, 11, 12, 13; AND DEFENDANTS' MOTION TO COMPEL DISCOVERY, IN PART

respond that they do not intend to present a claim for selective prosecution. However, Defendants argue that these terms are not only relevant to selective prosecution. The Court agrees that the phrase "that other individuals should been charged" is relevant to a potentially central part of Defendants' case: that other individuals, not Defendants, made the alleged misrepresentations. Defendants are entitled to present that defense. Accordingly, the Court DENIES the motion in the limine to the extent it seeks to preclude the use of this phrase. However, the motion in limine is GRANTED to the extent that it precludes Defendants from using the terms "persecuted" and "unfairly singled out," which are irrelevant because Defendants do not intend to present a claim for selective prosecution and are unfairly prejudicial under Federal Rule of Evidence 403.

Second, the motion is GRANTED to the extent that it precludes Defendants from vouching. Defendants state that they do not intend to vouch. Additionally, defense counsel, like the prosecutor, may not offer personal opinions on the guilt or innocence of Defendants. *United States v. Young*, 470 U.S. 1, 8-9 (1985).

Third, the motion is GRANTED in part and DENIED in part as to the categories of arguments and evidence that the government seeks to exclude as improper jury nullification:

| | |
|---|---|
| 1. Reference other high profile financial crimes prosecutions | GRANTED. Defendants agree that this is irrelevant. *See* Fed. R. Evid. 402. |
| 2. That the U.S. has not prosecuted certain individuals or financial institutions in connection with the recent financial crisis | GRANTED. Defendants agree that this is irrelevant. *See* Fed. R. Evid. 402. |
| 3. Referencing the recent financial crisis, including but not limited to high profile government assistance of financial institutions | GRANTED. Defendants agree that this is irrelevant. *See* Fed. R. Evid. 402. |
| 4. That this case is essentially a civil matter, this should be decided in a civil, not criminal proceeding, and that defendants' conduct even if proven should not rise to the level of a criminal violation | DENIED without prejudice. Parties may object to specific questions or statements at trial. |

3

| | | |
|---|---|---|
| 5. | That these matters were previously litigated and resolved in bankruptcy proceedings | DENIED without prejudice. Defendants and the government both intend to refer to the bankruptcy proceedings at trial. Parties may object to specific questions or statements at trial. |
| 6. | That fine art, loans, and/or investments are complex and therefore the defendants should not be held responsible | DENIED without prejudice. The complexity of loans may be relevant to whether Defendants made knowing misrepresentations. *See* Fed. R. Evid. 402. Parties may object to specific questions or statements at trial. |
| 7. | That the principle of caveat emptor should mean that there should never be criminal liability related to an individual's investment decision | GRANTED. The probative value is minimal and outweighed by the possible prejudice to the government of jury nullification. *See Copeland*, 291 Fed. App'x at 96 (citing Fed. R. Evid. 403). |
| 8. | That a defendant is nearing the end of life due to age, infirm, or sickness | DENIED without prejudice. Parties may object to specific questions or statements at trial. |
| 9. | Any reference to punishment or the consequences that may result if defendants are convicted at trial | GRANTED. "It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict." *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1992). |
| 10. | Excessive or repeated references to the defendants' families, or other references that are clearly an attempt to elicit jury sympathy | DENIED without prejudice. Parties may object to specific questions or statements at trial. |

### III.     Government's Motion in Limine No. 7

The government's motion in limine number 7, does not ask for any order by the Court, but provides notice of the government's intent to introduce certain material omissions that Defendants allegedly made in their representations to ArtLoan investors/lenders. ECF No. 75, at 16-17. In opposition, Defendants move for the government to provide additional specificity about the material omissions, including "(1) the specific statements that were made to specific individuals, (2) the defendant who made the statements, (3) when the statements were made, or (4) whether the statements were made in writing, in person, or by phone." ECF No. 79, at 15. Defendant's motion is DENIED. Defendants cite no authority requiring the government to disclose material omissions, let alone requiring more specificity about the material omissions than the government

4

Case No.13-CR-00636-LHK
ORDER RE: GOVERNMENT'S MOTIONS IN LIMINE NO. 2, 3, 7, 8, 11; DEFENDANTS' MOTIONS IN LIMINE NO. 4, 6, 7, 8, 9, 10, 11, 12, 13; AND DEFENDANTS' MOTION TO COMPEL DISCOVERY, IN PART

has provided. Additionally, the government has identified five material omissions that it will seek to prove at trial, and the Court finds that the government has provided sufficient specificity such that Defendants may adequately prepare defenses to such alleged omissions.

### IV. Government's Motion in Limine No. 8

The government's motion in limine number 8, to preclude Defendants from eliciting inappropriate character evidence, is GRANTED in part and DENIED in part. The motion is GRANTED to the extent that Defendants may not introduce evidence about the character of an alleged victim that is not "pertinent" under Federal Rule of Evidence 404(a), that violates Rule 405, or that does not go to the truthfulness or untruthfulness of the alleged victim under Rule 608(b). The government may object at trial if it believes that Defendants offer evidence in violation of these Rules.

On the other hand, the motion is DENIED to the extent that the government seeks to exclude any questions about the finances or wealth of an alleged victim. However, the parties may object to specific questions at trial that ask irrelevant or prejudicial questions about the alleged victims' personal finances.

Additionally, the motion is DENIED to the extent that it seeks to preclude Defendants from introducing evidence that Defendants attempted to repay alleged investors/lenders. This evidence does not solely show Defendants' good character, as the government argues, but rather is probative of whether Defendants knowingly and intentionally engaged in a scheme to defraud. *See* 18 U.S.C. §§ 1341, 1343 (requiring a "scheme or artifice to defraud").

### V. Government's Motion in Limine #11

The government's motion in limine number 11 is GRANTED. Federal Rule of Evidence 902(11) provides that a domestic record of a regularly conducted activity is self-authenticating if the record "meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by

5

Case No.13-CR-00636-LHK
ORDER RE: GOVERNMENT'S MOTIONS IN LIMINE NO. 2, 3, 7, 8, 11; DEFENDANTS' MOTIONS IN LIMINE NO. 4, 6, 7, 8, 9, 10, 11, 12, 13; AND DEFENDANTS' MOTION TO COMPEL DISCOVERY, IN PART

the Supreme Court."[2]  Fed. R. Evid. 902(11).  The required "certification" may take the form of a declaration that satisfies 28 U.S.C. § 1746, or any comparable certification under oath.  *See id.* Advisory Committee Notes to the 2000 Amendments; *see also SEC v. Franklin*, 348 F. Supp. 2d 1159, 1164 (S.D. Cal. 2004) (noting that a Rule 902(11) certification may be a 28 U.S.C. § 1746 declaration).  Defendants object to this motion because they believe that the motion seeks a pre-trial ruling that any records offered under Rule 902(11) are automatically admissible.  ECF No. 79, at 17-18.  However, this order does not admit any Rule 902(11) records, but only permits the government to use 28 U.S.C. § 1746 declarations when seeking to admit evidence under Rule 901(11).

## VI.  Defendants' Motions in Limine Nos. 4, 6, and 7

Defendants' motions in limine numbers 4, 6, and 7, to preclude the government from using the terms "secured instruments," "secured by specific pieces of collateral," "investors," and "Ponzi scheme," are DENIED.  There is factual support for the government's characterization of the evidence, and Defendants cite no authority for interfering with the government's presentation of the government's case in such a situation.  *See Old Chief v. United States*, 519 U.S. 172, 188-89 (1997) (generally, the government is entitled to prove its case through eventful narrative, to "tell a story of guiltiness as to support an inference of guilt").  Accordingly, both the government and Defendants may characterize the evidence consistent with their theories of the case.

## VII.  Defendants' Motion in Limine No. 8

Defendants' motion in limine number 8, that the Court not read the indictment to the jury or send the indictment to the jury room during deliberations, is GRANTED.  The government does not oppose this motion and agrees to stipulate to a joint statement of the case to be read to the jury. *See United States v. Singh*, 195 Fed. App'x 656, 658 (9th Cir. 2006) (district court need not read

---

[2] Thus, the certification must show that "(A) the record was made at or near the time by--or from information transmitted by--someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity."  Fed. R. Evid. 803(6)(A)-(C).

the indictment to the jury).

## VIII. Defendants' Motion in Limine No. 9

Defendants' motion in limine number 9, to preclude the government from offering evidence not produced in discovery, is DENIED. There is no allegation that the government has failed to comply with its discovery obligations under Federal Rule of Criminal Procedure 16 or *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Indeed, in Defendants' joint pretrial conference statement, Defendants note that they do "not presently have reason to doubt the government's compliance to date with its *Brady* obligation." ECF No. 83, at 3. Moreover, there is no basis to exclude evidence that the government discovers after the pretrial conference and then properly discloses under Rule 16. *See* Fed. R. Crim. P. 16(d)(2) (providing that a court may exclude evidence "[i]f a party fails to comply with this rule"). Additionally, because Defendants have apparently received all evidence to which they are entitled under Rule 16, and Defendants have already received notice of the exhibits and witnesses that the government intends to introduce at trial, Defendants' request under Rule 12(b)(4) for prompt written notice of the government's intention to use discoverable evidence is also DENIED. If Defendants believe that the government fails to meet its Rule 16 obligation to disclose newly-discovered evidence after the pretrial conference, Defendants may object to the introduction of that evidence. The Court will use the sanctions identified in Rule 16(d)(2), including exclusion of evidence, if evidence that was not disclosed in accordance with Rule 16 is introduced at trial by the government.

## IX. Defendants' Motion in Limine No. 10

Defendants' motion in limine number 10, to preclude the government and its witnesses from vouching, is GRANTED in part and DENIED in part. To the extent that the motion asks to keep the prosecutor from vouching, the motion is GRANTED. It is black letter law that the prosecutor may not vouch for the credibility of its witnesses. *See United States v. Flores*, 802 F.3d 1028, 1040 (9th Cir. 2015). To the extent that the motion seeks to keep government witnesses from vouching, the motion is DENIED. *United States v. Rudberg*, 122 F.3d 1199, 1204-

7

1  05 (9th Cir. 1997), cited by Defendants in support of this request, indicates that witness testimony may be considered in determining whether *the prosecutor* improperly vouched. However, *Rudberg* did not hold that witness testimony, alone, could constitute vouching. As already stated, the prosecutor is precluded from vouching.

### X. Defendants' Motion in Limine No. 11

Defendants' motion in limine number 11, to designate government witnesses as under defense subpoena, is DENIED. Defendants have not argued that any government witnesses are necessary for an adequate defense, as required for a Court-ordered subpoena under Federal Rule of Criminal Procedure 17(b). *See* Fed. R. Crim. P. 17(b); *see also United States v. Gutierrez*, 122 F.3d 1075 (9th Cir. 1997) (table) ("To obtain a subpoena under Fed. R. Crim. P. 17(b), a defendant must aver facts which, if true, would be relevant to an issue in the case."). Additionally, Defendants have not identified the specific witnesses that Defendants may wish to call. *See* Fed. R. Crim. P. 17(b) (providing for the court to order a subpoena to be issued for "a named witness"). If Defendants wish to subpoena a witness under Rule 17(b), Defendants may bring an ex parte application for a subpoena under Rule 17(b). If the witness sought to be subpoenaed was not on Defendants' pretrial witness list, as required by this Court's standing order on jury trials, Defendants' application should indicate good cause. *See* Judge Koh's Jury Pretrial Standing Order B(7) ("No party shall be permitted to call any witness in its case in chief who is not disclosed in its JointPretrial Statement without leave of the Court for good cause."), available at http://www.cand.uscourts.gov/lhkorders; Criminal L.R. 17.1-1 (requiring the pretrial conference statement to include "lists of witnesses intended to be called in person or by deposition to testify at trial, except those who may be called only for impeachment or rebuttal").

### XI. Defendants' Motion in Limine No. 12

Defendants' motion in limine number 12, to exclude government witnesses and require the case agent to testify first, is GRANTED in part and DENIED in part. To the extent that Defendants seek exclusion of government witnesses, both during opening and closing statements and throughout the trial, the motion is GRANTED. *See* Fed. R. Evid. 615. The government does

8

Case No.13-CR-00636-LHK
ORDER RE: GOVERNMENT'S MOTIONS IN LIMINE NO. 2, 3, 7, 8, 11; DEFENDANTS' MOTIONS IN LIMINE NO. 4, 6, 7, 8, 9, 10, 11, 12, 13; AND DEFENDANTS' MOTION TO COMPEL DISCOVERY, IN PART

not oppose this request. The government's designated case agent Christopher Morris, and any other witnesses not authorized to be excluded under Rule 615, are exempt from sequestration.

To the extent that Defendants seek to require the case agent to testify first, the motion is DENIED. *See United States v. Valencia-Riascos*, 696 F.3d 938, 943 (9th Cir. 2012) (noting that there is no presumption that the case agent testify first, because such a presumption "would deprive the prosecution of the opportunity to present its own case without interference"); *United States v. Farley*, No. 15-CR-00092-THE, 2015 WL 6871920, at *9 (N.D. Cal. Nov. 9, 2015) (denying the defendant's motion to require the government to call the case agent first).

To the extent that the motion seeks an instruction directing witnesses not to read trial transcripts or to discuss their testimony with anyone other than government counsel, the motion will be addressed at the pretrial conference.

## XII. Defendants' Motion in Limine No. 13

Defendants' motion in limine motion 13, to preclude the government from cross-examining defense witnesses with "guilt assuming" questions and hypotheticals, is GRANTED as to Defendants' character witnesses. The Ninth Circuit has held that, on cross-examination of character witnesses, "the use of guilt assuming hypotheticals undermines the presumption of innocence and thus violates a defendant's right to due process." *See United States v. Shwayder*, 312 F.3d 1109, 1121 (9th Cir. 2002). The motion is DENIED as to Defendants' fact witnesses, if such questions are relevant and not unfairly prejudicial under Federal Rule of Evidence 403. *See United States v. Latysheva*, 162 Fed. App'x 720, 725 (9th Cir. 2006) (noting hypothetical was permissible when it was not used in cross-examination of a character witness); *see also United States v. Laurienti*, 611 F.3d 530, 549 (9th Cir. 2010) (permitting government to ask its own fact witnesses relevant questions that had a guilt-assuming element).

## XIII. Defendants' Motion for Discovery

Defendants' request that the Court compel discovery of 6 categories of information. ECF No. 76. Four categories will be addressed at the pretrial conference: (1) statements by the

9

Case No.13-CR-00636-LHK
ORDER RE: GOVERNMENT'S MOTIONS IN LIMINE NO. 2, 3, 7, 8, 11; DEFENDANTS' MOTIONS IN LIMINE NO. 4, 6, 7, 8, 9, 10, 11, 12, 13; AND DEFENDANTS' MOTION TO COMPEL DISCOVERY, IN PART

accused, co-conspirator statements, or statements otherwise attributed to the defendants by the government; (2) Federal Rule of Evidence 404(b) evidence; (3) *Brady/Giglio* evidence; and (4) witness statements and handwritten notes. Defendants' motion to compel discovery of the remaining two categories of information is DENIED, as explained below.

First, Defendants' request for the Court to compel the government to supply a witness list is DENIED as moot. *See* ECF No. 91 (government's witness list). To the extent that Defendants ask the Court to prevent any amendments to the government's witness list, this motion is also DENIED. The only case cited by Defendants in support of this request, *United States v. Grace*, 526 F.3d 499, 513 (9th Cir. 2008) (en banc), held that a district court is permitted to order a final list of witnesses. However, *Grace* did not *require* a district court to order a final witness list upon a defendant's request. Additionally, the Court's Jury Pretrial Standing Order permits a party to call witnesses not on the pretrial witness list with leave of the Court for good cause. It is still two months before trial, and the Court cannot categorically rule that no good cause exists to justify additions to the government's witness list.

Second, Defendants' motion to compel discovery of grand jury witness testimony, including material covered by the Jencks Act, is DENIED. The government indicates that it will not call any grand jury witnesses at trial. ECF No. 89, at 4. Defendants ask for pretrial discovery of grand jury witness testimony solely to facilitate Defendants' trial preparation and the orderly presentation of evidence. *See* ECF No. 76, at 9-10. This is insufficient to show that Defendants had a "particularized need" for the production of grand jury testimony that outweighs the secrecy of grand jury proceedings. *See In re Grand Jury Proceedings*, 62 F.3d 1175, 1179 (9th Cir. 1995) (to show particularized need, defendants must show that "the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed"). This case is unlike *Dennis v. United States*, 348 U.S. 855, 870-71 (1966), cited by Defendants, because the *Dennis* defendants requested the relevant grand jury minutes after the direct

10

Case No.13-CR-00636-LHK
ORDER RE: GOVERNMENT'S MOTIONS IN LIMINE NO. 2, 3, 7, 8, 11; DEFENDANTS' MOTIONS IN LIMINE NO. 4, 6, 7, 8, 9, 10, 11, 12, 13; AND DEFENDANTS' MOTION TO COMPEL DISCOVERY, IN PART

examination of the government witnesses, when interest in preserving the secrecy of the grand jury proceedings is minimal.  *See id.*  By contrast, Defendants here seek, two months before trial, grand jury testimony of witnesses whom the government will not call at trial.  Defendants' broad and undefined desire for more efficient trial preparation does not outweigh the secrecy of the grand jury proceedings.  *See United States v. Hollis*, 210 F.3d 386, 386 (9th Cir. 2000) (table) (rejecting a "sweeping assertion, without more" that grand jury transcripts were needed to impeach credibility of witnesses).  Moreover, the Court notes that the government must still produce this evidence if necessary to comply with the Jencks Act, *Brady v. Maryland*, 373 U.S. 83, 87 (1963), or *Giglio v. United States*, 405 U.S. 150 (1972).

**IT IS SO ORDERED.**

Dated:  December 1, 2015

_____
LUCY H. KOH
United States District Judge

11
Case No.13-CR-00636-LHK
ORDER RE: GOVERNMENT'S MOTIONS IN LIMINE NO. 2, 3, 7, 8, 11; DEFENDANTS' MOTIONS IN LIMINE NO. 4, 6, 7, 8, 9, 10, 11, 12, 13; AND DEFENDANTS' MOTION TO COMPEL DISCOVERY, IN PART