UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>            Plaintiff,<br><br>       v.<br><br>ANTHONY BARREIRO and<br>ERNEST RAY PARKER,<br><br>            Defendants. | Case No. 13-CR-00636-LHK-1<br><br>**ORDER RE GOVERNMENT'S MOTIONS IN LIMINE NO. 1, 4; DEFENDANTS' MOTION IN LIMINE NO. 5**<br><br>Re: Dkt. Nos. 74, 75 |

Defendants Anthony Barreiro and Ernest Ray Parker (collectively, "Defendants") were indicted on September 25, 2013 for mail fraud, wire fraud, and conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. §§ 1341, 1343, and 1349. ECF No. 1. The final pretrial conference is taking place on December 2, 2015. Trial will begin on February 1, 2016. In the interest of expeditiously providing the parties with rulings that may assist their trial preparation, this Order addresses the government's motions in limine number 1 and 4, and Defendants' motion in limine number 5. The remaining motions in limine and other pending motions shall be addressed at the final pretrial conference. In ruling on these motions in limine, the Court considered the submissions of the parties, the record in this case, and the relevant law, and balanced the factors set forth in Federal Rule of Evidence 403.

1

### I.   Government's Motion in Limine No. 1

For the reasons stated on the record at the pretrial conference, the government's motion in limine number 1, to preclude Defendants from asserting a defense based on advice of counsel or that Defendants lacked an intent to defraud based on the actions of their attorneys unless Defendants provide timely notice, is DENIED.  However, the Court set the following briefing schedule and hearing to resolve before trial anticipated disputes regarding the waiver of attorney-client privilege and work product doctrine.  Defendants shall proffer, by December 9, 2015, anticipated advice of counsel defense testimony and exhibits and shall explain whether the attorney-client privilege and work product doctrine are or are not implicated and waived.  The government shall file a response by December 16, 2015.  A hearing on this matter is set for December 21, 2015, at 2:00 p.m.

### II.   Government's Motion in Limine No. 4

The government's motion in limine number 4, to exclude or order production of evidence that the defense was obligated to produce before trial pursuant to Federal Rule of Criminal Procedure 16(b), is GRANTED.  The Court finds that Defendants' earlier production of evidence in a bankruptcy proceeding to the United States Bankruptcy Trustee does not meet Defendants' disclosure obligations under Rule 16(b).  Accordingly, each Defendant is ORDERED to "permit the government . . . to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items," and "the results or reports of any physical or mental examination and of any scientific test or experiment," that each Defendant has within his possession, custody, or control and intends to offer in his case-in-chief.  *See* Fed. R. Crim. P. 16(b).  This includes documents already produced to the Bankruptcy Trustee.  The parties shall meet and confer over the necessary production, and Defendants' production shall take place by December 11, 2015.  The Court recognizes that Defendants may discover new evidence or decide to introduce different evidence in their cases-in-chief after December 11, 2015.  As long as that information is timely disclosed in accordance with Rule 16, the evidence will not be excluded at trial.

### III. Defendants' Motion in Limine No. 5

Defendants' motion in limine number 5 to exclude evidence of Defendants' personal expenditures and to strike references to Defendants' personal expenditures from the indictment is DENIED. Evidence of Defendants' personal expenditures during the alleged scheme to defraud is relevant to whether Defendants misappropriated ArtLoan funds and failed to spend the funds as allegedly promised. *See United States v. Rude*, 88 F.3d 1538, 1549 n.10 (9th Cir. 1996) ("[T]he government may, in a fraud case, prove that the defendants did not use the funds obtained for their intended purpose."). This evidence is highly probative, and the probative value is not substantially outweighed by unfair prejudice under Federal Rule of Evidence 403.

**IT IS SO ORDERED.**

Dated: December 2, 2015

                                                                        _____
                                                                        LUCY H. KOH
                                                                        United States District Judge