BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

TIMOTHY J. LUCEY (CABN 172332)
JONAS LERMAN (CABN 274733)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    FAX: (408) 535-5066
    timothy.lucey@usdoj.gov
    jonas.lerman@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>ANTHONY BARREIRO and<br>ERNEST RAY PARKER,<br>    aka RAY PARKER GAYLORD,<br>    aka RAY GAYLORD,<br><br>    Defendants. | ) NO. 13-CR-636 LHK<br>)<br>) UNITED STATES' OPPOSITION TO<br>) DEFENDANTS' EXPERT NOTICE<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## INTRODUCTION

To the extent the defendants' expert accounting witnesses, Janet M. McHard and Peter H. Friedman, will testify about money tracing and closely related accounting topics, the United States does not object to the defendants' expert notice of December 30, 2015 (ECF #110).  However, to the extent

either or both witnesses intend to testify about ARTLoan's purported "business model," or to characterize particular expenditures by the defendants as supposedly "legitimate," *see* ECF #110 at 3, the United States objects to the notice and moves to exclude such testimony under Rule 702 and Rule 403. Whether ARTLoan's "business model" was sound or the defendants' use of funds "legitimate" are questions beyond the scope of these two accountants' knowledge and expertise. Moreover, permitting these expert witnesses to testify on these subjects would be more prejudicial than probative, and would likely confuse the issues and inevitably mislead the jury. Accordingly, the Court should exclude such testimony.

**ARGUMENT**

**I. The Court Should Exclude Testimony by Defendants' Expert Witnesses Concerning ARTLoan's Supposed "Business Model"**

The defendants' expert notice indicates that either or both of the defense's expert accounting witnesses "may testify about the ArtLoan business model," among other subjects. ECF #110 at 3. The United States objects to the defendants' notice of this "business model" testimony as deficient. While Ms. McHard and Mr. Friedman are purported to be experienced accountants, the expert notice gives no indication that either of them possesses any "technical[] or other specialized knowledge" about the ARTLoan's business model, or about the art business, auctions, specialty finance, or pawnbroking more generally. *See* Fed. R. Evid. 702(a).

Furthermore, nothing in the defense's expert notice suggests that the experts' testimony about ARTLoan's "business model" would be "based on sufficient facts or data," on "reliable principles and methods," or on the experts' reliable application of "the principles and methods to the facts of the case." Fed. R. Evid. 702(b)–(d). Thus, based on the defendants' expert notice, it does not appear that testimony from these expert accounting witnesses regarding ARTLoan's purported "business model" would "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a).

In addition to objecting to the sufficiency of the expert notice as to this "business model" testimony, the United States moves in limine to exclude such testimony under Rule 702 and Rule 403.[1] First, as noted above, the defense's expert accounting witnesses lack expertise to testify about ARTLoan's business model.  Accordingly, they would be testifying on this subject as lay witnesses.  The distinction is critical.  "An expert witness – unlike other witnesses – 'is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation,' so long as the 'expert's opinion [has] a reliable basis in the knowledge and experience of his discipline.'" *Jinro Am. Inc. v. Secure Investments, Inc.*, 266 F.3d 993, 1004 (9th Cir. 2001) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 (1993)).  Here, the defendants' expert accounting witnesses

Second, the soundness of ARTLoan's purported and allegedly intended business plan is not at issue in this case.  At issue is the defendants' use of investor money in ways contrary to what the defendants promised investors.  Thus, if the defendants' expert accounting witnesses were permitted to opine on ARTLoan's purported "business model," such testimony would not help the jury "to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702.  Such testimony would shed no light on the defendants' promises to investors, or on the discrepancies between those promises and ARTLoan's actual operations.  *See United States v. Downing*, 753 F.2d 1224, 1242 (3d Cir. 1985) ("An additional consideration under Rule 702 – and another aspect of relevancy – is whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute.").  Rather, such testimony would serve to mislead the jury and confuse the issues.  *See* Fed. R. Evid. 403; *see also Daubert*, 509 U.S. at 591 ("Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." (citation omitted)).

Third and finally, such "business model" testimony will likely serve as a backdoor for otherwise-inadmissible self-serving hearsay statements of the defendants – for example, testimony about the defendants' supposed reasons for establishing ARTLoan, their intended business model, and their plans or aspirations for the company.  If the defense wishes to introduce testimony on those subjects, then the

---

[1] The United States anticipates it may *voir dire* the defendants' experts if they are allowed to testify at trial.  The United States may raise further objections at that time.

U.S. OPPOSITION TO DEFS.' EXPERT NOTICE
13-CR-636 LHK                               3

1 defendants themselves should take the stand.  Otherwise, such statements constitute inadmissible self-
2 serving hearsay.

### II. The Court Should Exclude Expert Testimony about Whether Defendants' Expenditure of Funds Was "Legitimate"

The defendants' expert notice states that "Ms. McHard may also testify about whether ArtLoan funds were used for legitimate operational expenses, and whether notes of expenditures have the hallmarks of business or personal expenditures."  ECF #110 at 3.  The expert notice is deficient in that it fails to explain whether and on what basis Ms. McHard has concluded that particular "operational expenses" were "legitimate."  *Id.*  That the defendants spent some of the victims' money on business expenditures and on personal expenditures may be reflected, for example, in ARTLoan's business or banking records.  However, the key issue here is whether the defendants lied to their victims about how ARTLoan would use the victims' investments – an issue upon which Ms. McHard should not be permitted to opine, whether as an expert or a lay witness.

The Indictment alleges that the defendants and their agents promised victims that invested funds would be used solely to make loans for art – not for the defendants' own salaries, or renting office space, or lawyers' fees, or leasing a luxury car.  And it is the defendants' false promises, not any accounting records, that makes such expenditures illegitimate.  Ms. McHard lacks any "technical[] or other specialized knowledge" about the defendants' promises to victims concerning ARTLoan's use of the victims' money.  Moreover, Ms. McHard's testimony as to the supposed legitimacy of expenditures will not "help the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702(a).  Accordingly, under Rule 702, Ms. McHard should be precluded from characterizing any expenditures as "legitimate."[2]

Similarly, such testimony should be excluded under Rule 403 because "its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, [and] misleading the

---

[2] The defense's expert notice does not state that the defendants' other expert accounting witness, Mr. Friedman, will testify about the supposed legitimacy of certain ARTLoan expenditures.  However, to the extent he offers testimony or relies on Ms. McHard's proffer, he also should be precluded from testifying that any particular expenditures were "legitimate."

1  jury." Fed. R. Evid. 403.  As stated above, it may well be that the defendants spent some part of the
2  victims' money on business expenses.  At issue, however, is whether those expenditures *contradicted*
3  *the defendants' promises to victims* – including promises that victims' investments would be used only
4  to make loans, and not for operational or other expenses.
5       Accordingly, for Ms. McHard to opine that particular ARTLoan expenditures were generically
6  "legitimate" in nature – based, for example, on her assessment that business records indicate the
7  expenditures were for "operational expenses" or were generally business related – will only mislead the
8  jury and confuse the issues.  Under Rule 403, therefore, the Court should preclude the defense's expert
9  accounting witnesses from characterizing any ARTLoan expenditures as "legitimate."

## CONCLUSION

11       For the foregoing reasons, the Court should exclude any testimony from the defense's expert
12  accounting witnesses about the defendants' "business model" or about whether any funds "were used for
13  legitimate operational expenses."  These expert accounting witnesses' testimony should be limited to
14  tracing the flow of funds and other closely related accounting matters.

15  Dated:    January 6, 2016                                    Respectfully submitted,

16                                                                                     BRIAN STRETCH
                                                                                       Acting United States Attorney

18                                                                                     _____/s/_____
                                                                                       TIMOTHY J. LUCEY
                                                                                       JONAS LERMAN
19                                                                                     Assistant United States Attorneys