UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>    v.<br><br>ANTHONY BARREIRO and<br>ERNEST RAY PARKER,<br><br>    Defendants. | Case No. 13-CR-00636-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTION IN LIMINE**<br><br>Re: Dkt. No. 114 |

Defendants Anthony Barreiro and Ernest Ray Parker (collectively, "Defendants") were indicted on September 25, 2013 for mail fraud, wire fraud, and conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. §§ 1341, 1343, and 1349. ECF No. 1. The third pretrial conference in this case will take place on January 22, 2016. Trial will begin on February 1, 2016. In the interest of expeditiously providing the parties with rulings that may assist their trial preparation, this Order addresses the government's motion in limine regarding Defendants' advice of counsel proffer. In ruling on this motion, the Court considered the submissions of the parties, the record in this case, and the relevant law, and balanced the factors set forth in Federal Rule of Evidence 403.

The government's motion in limine regarding Defendants' joint advice of counsel proffer

1

1  is GRANTED in part and DENIED in part.  The motion is GRANTED to the extent that it seeks

2  (1) to clarify whether Defendants waive the privilege as to the White & Case representation of

3  ArtLoan; (2) to clarify whether Defendants provided the entire White & Case client file to the

4  government; and (3) to require Defendants to amend as appropriate the joint witness list to identify

5  any attorneys that Defendants intend to call as witnesses.  *See* ECF No. 114, at 2 (government's

6  motion in limine).  Defendants state that the privilege is waived as to the White & Case

7  representation of ArtLoan and that Defendants have, to the best of their knowledge, produced the

8  entire White & Case client file to the government.  *See* ECF No. 121, at 2.  Additionally,

9  Defendants state that they are providing ongoing notice to the government of potential witnesses

10 and will file an amended joint witness list as needed.  *Id.*

11 The government's motion in limine is also GRANTED to the extent that the motion seeks

12 to preclude Defendants from reading attorney files, or showing attorney-client communications, to

13 the alleged victims unless Defendants have a reasonable, good-faith basis to believe that the

14 testifying witness has competent, relevant testimony on such documents or topic.  *See* ECF No.

15 114, at 3.  The Confrontation Clause of the Sixth Amendment grants Defendants the right to cross

16 examine witnesses.  U.S. Const. amend. VI.  However, Defendants must have a good faith basis

17 for questioning a witness, *see United States v. Johnson*, 200 F. App'x 705, 706 (9th Cir. 2006),

18 and testimony must be relevant to be admissible, *see* Fed. R. Evid. 401-403.  Further, Defendants

19 state that they do not intend to cross-examine any witness about a document absent a good faith

20 belief that the witness has personal knowledge of the document or subject matter of the document.

21 *See* ECF No. 121, at 4.  Accordingly, Defendants may cross examine witnesses with attorney files

22 or attorney-client communications so long as Defendants have a good faith belief that the

23 testifying witness has relevant testimony regarding the document or subject matter of the

24 document, and Defendants comply with the Federal Rules of Evidence.

25 Lastly, the government's motion in limine is DENIED without prejudice to the extent that

26 it seeks to preclude Defendants from referencing, during opening statements, ArtLoan's

27 representation by various attorneys.  An opening statement is intended "to state what evidence will

28

2
Case No. 13-CR-00636-LHK
ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTION IN LIMINE

be presented, to make it easier for the jurors to understand what is to follow, and to relate parts of the evidence and testimony to the whole." *United States v. McCabe*, 131 F.3d 149, at *4 (9th Cir. 1997) (unpublished) (quoting *United States v. Dinitz*, 424 U.S. 600, 612 (1976)).  Thus, opening statements "should be limited to a statement of facts which the [party] intends or in good faith expects to prove." *Leonard v. United States*, 277 F.2d 834, 841 (9th Cir. 1960); *see also McCabe*, 131 F.3d at *4 (noting that opening statements should not "refer to matters that are not to be presented as evidence").  Accordingly, Defendants' opening statements may refer to evidence of ArtLoan's representation by attorneys so long as Defendants reasonably and in good faith believe that the referenced evidence will be admitted at trial.  Although the government is "uncertain[]" that certain documents related to ArtLoan's representation will be admissible, *see* ECF No. 114, at 3, the government's unspecified doubts do not demonstrate that Defendants lack a reasonable, good faith belief that such evidence will be admissible.

Additionally, the preliminary jury instructions will make clear to the jury that Defendants' opening statements are not evidence.  *See* Ninth Circuit Manual of Model Criminal Jury Instructions § 1.4 (2010 ed.) ("The following thing are not evidence, and you must not consider them as evidence in deciding the facts of this case: (1) statements and arguments of the attorneys . . . ."); ECF No. 125 (parties agree that Model Instruction 1.4 should be given at trial); *see also United States v. Wyner*, 230 F.3d 1368 (9th Cir. 2000) ("Opening statements are not evidence.").  The Court finds that the danger of unfair prejudice does not outweigh the probative value of good faith references in Defendants' opening statements to evidence of ArtLoan's representation by attorneys.  *See* Fed. R. Evid. 403.  The government may move for a limiting instruction, if desired, to clarify at the time of opening statements that opening statements are not evidence.

**IT IS SO ORDERED.**

Dated:  January 21, 2016

_____
LUCY H. KOH
United States District Judge