UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>           Plaintiff,<br><br>     v.<br><br>ANTHONY BARREIRO and<br>ERNEST RAY PARKER,<br><br>           Defendants. | Case No. 13-CR-00636-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S OPPOSITION TO DEFENDANTS' EXPERTS**<br><br>Re: Dkt. No. 112 |

Defendants Anthony Barreiro and Ernest Ray Parker (collectively, "Defendants") were indicted on September 25, 2013 for mail fraud, wire fraud, and conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. §§ 1341, 1343, and 1349. ECF No. 1. The third pretrial conference in this case will take place on January 22, 2016. Trial will begin on February 1, 2016. In the interest of expeditiously providing the parties with rulings that may assist their trial preparation, this Order addresses the government's opposition to Defendants' notice of expert testimony. In ruling on this motion, the Court considered the submissions of the parties, the record in this case, and the relevant law, and balanced the factors set forth in Federal Rule of Evidence 403.

The government's motion to limit the testimony of Defendants' experts is GRANTED in

part and DENIED in part.  First, the government seeks to preclude Defendants' experts from testifying about ArtLoan's "business model."  ECF No. 112.  The Court agrees with the government that Defendants' notice of expert testimony does not reveal that Defendants' experts have any specialized knowledge or expertise in business management, starting a business, or art-related business.  Accordingly, Defendants' experts may not provide expert testimony in these areas.  *See* Fed. R. Evid. 702 (an expert may provide opinion testimony if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue"); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993) (holding that expert testimony is admissible if the testimony is both relevant and reliable).  Insofar as the motion objects to such expert testimony, the motion is GRANTED.

Nevertheless, Defendants' experts may testify about ArtLoan's business model to the extent that the testimony derives from the experts' specialized knowledge in accounting. Defendants state that their experts will "not be describing or explaining" ArtLoan's business model, but will testify "from a financial accounting standpoint" about whether ArtLoan's business was consistent with a legitimate business model and whether the defendants' financial activities were consistent with that model.  ECF No. 122, at 2.  Such testimony is within the experts' knowledge and expertise.  *See* Fed. R. Evid. 702.  Both of Defendants' proposed experts are Certified Public Accountants ("CPA"), with specialized knowledge in tracing money flow and determining a business's financial performance, including profits, losses, liabilities, and assets. *See* ECF No. 110, Exs. B-C.  The Court finds that the soundness of ArtLoan's financial plan is relevant to Defendants' intent to defraud, and its probative value is not substantially outweighed by the danger of unfair prejudice or misleading the jury.  *See* Fed. R. Evid. 401, 403.  Thus, to the extent that the experts' testimony about ArtLoan's business plan and Defendants' financial activities derives from the experts' specialized knowledge of accounting, that testimony is within the scope of the experts' expertise, and the government's motion is DENIED.  However, denial of the government's motion is without prejudice.  The government may object to specific questions

and testimony at trial.

Second, the government seeks to preclude Defendants' expert Janet McHard ("McHard") from testifying about whether Defendants' expenditures were "legitimate."[1] According to the government, McHard has no knowledge about Defendants' promises to the alleged victims and thus cannot "help the trier of fact" to determine whether a particular expenditure complies with that promise. *See* Fed. R. Evid. 702. This motion is DENIED without prejudice. Defendants state that they have "no intention of asking [the] experts whether the defendants were truthful, or to discuss what promises the defendants did or did not make." ECF No. 122, at 3. Instead, Defendants' notice of expert testimony states that McHard may testify about "whether ArtLoan funds were used for legitimate operational expenditures, and whether notes of expenditures have the hallmarks of business or personal expenditures." *See* ECF No. 110, at 3 (notice of expert testimony). Such testimony would require McHard to trace Defendants' expenditures and determine for what the expenditures were used, including whether the expenditures were for bona fide operational expenses. This is within McHard's specialized knowledge and training as a CPA and a certified fraud examiner. *See* Fed. R. Evid. 702.

Further, how Defendants used the alleged victims' money is relevant to whether Defendants used the money in the manner promised, and to Defendants' intent to defraud. *See* Fed. R. Evid. 702 (noting expert testimony should "help the trier of fact to understand the evidence or to determine a fact in issue"); Fed. R. Evid. 401 (defining relevance); *id.* 402 (providing that irrelevant evidence is not admissible). Thus, McHard's testimony on Defendants' expenditures, and on whether those expenditures were for personal or business use, will be helpful to the jury under Federal Rule of Evidence 402, and more probative than prejudicial under Federal Rule of Evidence 403. Again, however, denial of the government's motion is without prejudice. The government may object to specific questions and testimony, for example, the use of the word

---

[1] Defendants' notice of expert testimony does not suggest that the other potential expert witness, Peter Friedman, may testify about this issue. *See* ECF No. 110, at 3.

3
Case No. 13-CR-00636-LHK
ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S OPPOSITION TO DEFENDANTS' EXPERTS

"legitimate." *Cf. Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) (noting that even shaky evidence, if admissible, "is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion").

**IT IS SO ORDERED.**

Dated:  January 21, 2016

_____
LUCY H. KOH
United States District Judge