United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY BARREIRO and<br>ERNEST RAY PARKER,<br><br>Defendants. | Case No. 13-CR-00636-LHK<br><br>**ORDER DENYING DEFENDANTS' MOTION TO COMPEL AND MOTION TO PRECLUDE NEW THEORIES OF PROSECUTION**<br><br>Re: Dkt. No. 123 |

Defendants Anthony Barreiro and Ernest Ray Parker (collectively, "Defendants") were indicted on September 25, 2013 for mail fraud, wire fraud, and conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. §§ 1341, 1343, and 1349. ECF No. 1. The third pretrial conference will take place on January 22, 2016. Trial will begin on February 1, 2016. In the interest of expeditiously providing the parties with rulings that may assist their trial preparation, this Order addresses Defendants' motion to compel *in camera* production of interview notes and Defendants' motion to preclude new theories of prosecution. In ruling on these motions, the Court considered the submissions of the parties, the record in this case, and the relevant law, and balanced the factors set forth in Federal Rule of Evidence 403.

1

Case No. 13-CR-00636-LHK
ORDER DENYING DEFENDANTS' MOTION TO COMPEL AND MOTION TO PRECLUDE NEW THEORIES OF PROSECUTION

## I. Defendants' Motion to Compel

Defendants' motion to compel *in camera* production of interview notes from the government's December 2015 interviews is DENIED. ECF No. 123, at 24-26. To the extent that witnesses offered new information in recent interviews that is not corroborated by earlier interviews, that is a proper subject for impeachment. Additionally, the Court has no reason to believe that the government is not complying with its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963). However, the Court ORDERS the government to produce to Defendants any undisclosed exculpatory information in the interview notes by Monday, January 25, 2016.

## II. Defendants' Motion to Preclude New Theories of Prosecution

Defendants move to preclude the government from relying on statements of Steve McVay ("McVay") and Timothy Conway ("Conway") to prove Defendants' culpability. Because neither McVay nor Conway, nor any agency theory, was mentioned in the indictment, Defendants argue that the government is constructively amending the indictment in violation of the Fifth Amendment. This motion is DENIED without prejudice.

The Fifth Amendment guarantees a criminal defendant "[the] right to stand trial only on charges made by a grand jury in its indictment." *United States v. Garcia-Paz*, 282 F.3d 1212, 1215 (9th Cir. 2002). "After an indictment has been returned and criminal proceedings are underway, the indictment's charges may not be broadened by amendment, either literal or constructive, except by the grand jury itself." *United States v. Adamson*, 291 F.3d 606, 614 (9th Cir. 2002) (citing *Stirone v. United States*, 361 U.S. 212, 215-16 (1960)). Constructive amendment of an indictment occurs where (1) "there is a complex of facts [presented at trial] distinctly different from those set forth in the charging instrument," or (2) "the crime charged [in the indictment] was substantially altered at trial, so that it was impossible to know whether the grand jury would have indicted for the crime actually proved." *Id.* at 615 (alterations in original).

The government charges Defendants with conspiracy to commit mail and wire fraud, mail fraud, and wire fraud. ECF No. 1. The indictment charges Defendants with making various

2

representations, including

- providing tours of commercial space where ArtLoan purportedly stored artwork (ECF No. 1 ¶ 9),
- representing that funds deposited with ArtLoan would be used only as lending capital and would not be used to fund the business operations of Artloan (ECF No. 1 ¶ 15)
- falsely stating ArtLoan's assets and financial condition (ECF No. 1 ¶ 20)
- claiming that ArtLoan had cultivated relationships with prominent auction houses, such as Sotheby's and Christie's (ECF No. 1 ¶ 22(a))

The government's proffer indicates that the government will attempt to prove at trial the same representations charged in the indictment, attempt to prove that those representations were fraudulent, and attempt to prove that Defendants made the fraudulent representations. For example:

- Parker and Barreiro to Tim Musselman: ArtLoan was working with both Christie's and Butterfields and was making loans to people buying art at auctions. Parker and Barreiro represented that ArtLoan was currently making loans and was holding pieces of art as collateral. *See* ECF No. 113-1, at 15-16.
- Parker and Barreiro to Craig Hulse: Parker said that Hulse's money would be used for lending capital, and that ArtLoan was in business and making loans. Parker pointed to specific pieces of art in a warehouse being held as collateral. Later, Parker and Barreiro represented that ArtLoan was going to have a special deal with Sotheby's. *See* ECF No. 113-1, at 11-14.

These are the same representations and conduct charged in the indictment. The government will also attempt to corroborate those statements and the scheme to defraud with statements of McVay and Conway attributable to Defendants. However, the government must still show that Defendants authorized or adopted any statements of McVay and Conway. *See United States v. Gibson*, 690 F.2d 697, 701 (9th Cir. 1982) ("We note that a corporate officer cannot be convicted on the basis of the statement of any salesman; the prosecution must show that the corporate officer 'expressly or impliedly authorized or ratified' the representations."). Thus, the government's use of McVay's and Conway's statements does not "expand[] the conduct for which the defendant could be found guilty" beyond the bounds of the indictment. *See United States v. Ward*, 747 F.3d 1184, 1190 (9th Cir. 2014); *see also Adamson*, 291 F.3d at 616 (noting that a divergence between the misrepresentation charged in the indictment and that shown at trial did not alter the crime,

3

Case No. 13-CR-00636-LHK
ORDER DENYING DEFENDANTS' MOTION TO COMPEL AND MOTION TO PRECLUDE NEW THEORIES OF PROSECUTION

because both "supported the same crime, i.e, wire fraud, with which the grand jury had charged the defendant").

Accordingly, the government's proffer does not present a "distinctly different" "complex of facts" from those set forth in the indictment, nor alter the crimes of mail fraud, wire fraud, and conspiracy to commit mail and wire fraud charged in the indictment. *See Adamson*, 291 F.3d at 615. There is no constructive amendment.

However, denial of Defendants' motion is without prejudice. Should the government's evidence not come in at trial as the government proffers, Defendants may renew their motion.

**IT IS SO ORDERED.**

Dated: January 22, 2016

_____
LUCY H. KOH
United States District Judge